AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Oklahoma

| | |
|---|---|
| In the Matter of the Search of<br>*Information Associated with*<br>*daviddime3@yahoo.com Stored at a Premises*<br>*Controlled by Apple Inc.* | Case No. 25mj-692-MTS<br>**FILED UNDER SEAL** |

## SEARCH AND SEIZURE WARRANT

**To:** Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Northern____ District of ____California____
*(identify the person or describe the property to be searched and give its location)*:
  See Attachment "A." This court has authority to issue this warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A).

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
  See Attachment "B"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  8-26-2025
  *(not to exceed 14 days)*

☐ in the daytime, 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
____Mark T. Steele____.
  *(name)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box):
  ☐ for ____ days *(not to exceed 30)*.
  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  8-12-2025  1:15pm    _/s/ Mark T. Steele_
                                            *Judge's signature*

City and state:  Tulsa, Oklahoma              Mark T. Steele, U.S. Magistrate Judge
                                            *Printed name and title*

AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 25MJ692 | Date and time warrant executed: 08/13/2025 | Copy of warrant and inventory left with: Apple, Inc. |
| Inventory made in the presence of : N/A | | |
| Inventory of the property taken and name of any person(s) seized: Warrant served 08/13/2025. No responsive material provided yet. | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 09/04/2025

_Blair_ (signature)
*Executing officer's signature*

Blair Newman, Special Agent
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with **daviddime3@yahoo.com** (the "**Subject Account**"), that is stored at premises owned, maintained, controlled, or operated by Apple Inc., a company headquartered at One Apple Park Way, Cupertino, California.

## ATTACHMENT B

### Particular Things to be Seized

I. **Information to be disclosed by Apple Inc. ("Apple")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Apple, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Apple, Apple is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. All records or other information regarding the identification of the Subject Account, to include full name, physical address, telephone numbers, email addresses (including primary, alternate, rescue, and notification email addresses, and verification information for each email address), the date on which the Subject Account was created, the length of service, the IP address used to register the account, account status, associated devices, methods of connecting, and means and source of payment (including any credit or bank account numbers);

b. All records or other information regarding the devices associated with, or used in connection with, the Subject Account (including all current and past trusted or authorized iOS devices and computers, and any devices used to access Apple services), including serial numbers, Unique Device Identifiers ("UDID"), Advertising Identifiers ("IDFA"), Global Unique Identifiers ("GUID"), Media

Access Control ("MAC") addresses, Integrated Circuit Card ID numbers ("ICCID"), Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identities ("IMSI"), and International Mobile Station Equipment Identities ("IMEI");

    c.   The contents of all instant messages associated with the Subject Account, including stored or preserved copies of instant messages (including iMessages, SMS messages, and MMS messages) sent to and from the account (including all draft and deleted messages), the source and destination account or phone number associated with each instant message, the date and time at which each instant message was sent, the size and length of each instant message, the actual IP addresses of the sender and the recipient of each instant message, and the media, if any, attached to each instant message;

    d.   The contents of all files and other records stored on iCloud, including all iOS device backups, all Apple and third-party app data, all files and other records related to iCloud Photo Sharing, My Photo Stream, iCloud Photo Library, iCloud Drive, iCloud Tabs and bookmarks, and iCloud Keychain, and all passwords, notes, images, videos, device settings, and bookmarks;

    e.   All activity, connection, and transactional logs for the Subject Account (with associated IP addresses including source port numbers), including iCloud logs,

2

iTunes Store and App Store logs (including purchases, downloads, and updates of Apple and third-party apps), My Apple ID and iForgot logs, sign-on logs for all Apple services, Game Center logs, Find My and AirTag logs, logs associated with web-based access of Apple services (including all associated identifiers), and logs associated with iOS device purchase, activation, and upgrades;

 f. All records and information regarding locations where the account or devices associated with the account were accessed, including all data stored in connection with AirTags, Location Services, Find My, and Apple Maps;

 g. All records pertaining to the types of service used;

 h. All records pertaining to communications between Apple and any person regarding the account, including contacts with support services and records of actions taken; and

 i. All files, keys, or other information necessary to decrypt any data produced in an encrypted form, when available to Apple (including, but not limited to, the keybag.txt and fileinfolist.txt files).

Apple is hereby ordered to disclose the above information to the government within 14 days of issuance of this warrant.

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of Title 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Receipt of Child Pornography) involving David Francesco Dimeglio, and occurring from May 5, 2001 through the present, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

   a. Images/videos/gifs of child pornography or child erotica; files containing images/videos/gifs; and data of any type relating to the sexual exploitation of minors or a sexual interest in children, material related to the possession thereof, and data of any type related to any person employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting such visual depiction of such conduct, in any form wherever it may be stored or found, including, but not limited to:

      i. Graphic Interchange formats and/or photographs, and other visual depictions of such Graphic Interchange formats (including, but not limited to, JPG, GIF, TIF, AVI, and MPEG) of child pornography; files relating to the distribution, receipt, or possession of child pornography, or information pertaining to an interest in child pornography;

    ii. Files in any form containing the visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual exploitation of minors; and

    iii. Stories, text-based files, motion pictures, films, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual exploitation of minors.

b. Information, correspondence, records, documents or other materials pertaining to the possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, or pertaining to the sexual exploitation of minors or a sexual interest in children, that were transmitted or received using computer, cellular device, personal digital assistant, or some other facility or means of interstate or foreign commerce, common carrier, or the U.S. mail including, but not limited to:

    i. Correspondence including, but not limited to, chat logs, and electronic messages, establishing possession, access to, or transmission through interstate or foreign commerce, including by United States mail or by computer, of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256 or relating to the sexual exploitation of minors or a sexual interest in children;

    iii. Any and all electronic and/or digital records and/or documents pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate commerce including by United States mail or by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256 or relating to the sexual exploitation of minors;

    iv. Any and all electronic and/or digital records and/or documents including any and all address books, names, and lists of names and addresses of minors visually depicted while engaging in sexually explicit conduct, defined in Title 18, United States Code, Section 2256; or relating to the sexual exploitation of minors;

    v. Any and all records of Internet usage including usernames and e-mail addresses and identities assumed for the purposes of communication on the Internet. These records may include billing and subscriber records, chat room logs, e-mail messages, and include electronic files in a computer and on other data storage mediums;

    vi. Any physical keys, encryption devices, dongles and similar physical items necessary to access computer equipment, storage devices or data; and

vii. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.

c. Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

d. Evidence indicating the email account owner's state of mind as it relates to the crime under investigation; and

e. The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

4